UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JESUS E. LOPEZ, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| BASIC ENERGY SERVICES, EDD | § | |
| VELA AND JUAN GARCIA, | § | |
| Defendants | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

BASIC ENERGY SERVICES AND EDUARDO VELA, incorrectly referred to by Plaintiff as Edd Vela, Defendants in the above-captioned lawsuit, remove this lawsuit from the 381st Judicial District Court of Starr County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. In support hereof, Defendants respectfully state as follows:

1.    State Court Action

This is an action filed by Plaintiff, Jesus E. Lopez, on September 14, 2009 in the 381st Judicial District Court of Starr County, Texas and assigned cause number DC-09-409 on the docket of said Court. In this action, Plaintiff has brought suit against Defendants claiming that Defendants violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101, et seq., and seeking to recover under both the ADA and Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§2000e-1, et seq. Both the ADA and Title VII are federal statutes.

2.    <u>Federal Question Jurisdiction</u>

This Court has original federal question jurisdiction over claims that arise under the laws of the United States.  28 U.S.C. § 1331; *see also* U.S. CONST. art. 3, § 2; 28 U.S.C. § 1441.  A lawsuit is removable if it affirmatively alleges a federal claim.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  The presence or absence of a federal question is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists when a federal question is presented on the face of a plaintiff's complaint.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003).  Any right that a plaintiff may have to maintain a lawsuit in state court is subject to a defendant's right to remove the lawsuit to federal court.  *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698-99 (2003); 28 U.S.C. § 1441.  In the present matter, Plaintiff has alleged that she was discriminated against on the basis of disability, and that Defendant failed to accommodate an alleged disability, all in violation of the ADA. Plaintiff also seeks relief under Title VII. Plaintiff's asserted claim(s) therefore are ones over which this Court has original jurisdiction.  As such, this lawsuit may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1331 and 1441, in that Plaintiff's Original Petition expressly and on its face alleges violations of the ADA, a federal statute, and seeks relief under both the ADA and Title VII, also a federal statute.

3.    <u>Timeliness of Removal</u>

This lawsuit was filed on September 14, 2009.  Defendant Eduardo Vela was served with citation and copy of Plaintiff's Original Petition by in-hand service on or after September 17, 2009.  To date, Defendant Vela is the only Defendant to have been served. Because this removal is filed by Defendants within thirty days of their receipt, through service or otherwise, of Plaintiff's Original Petition, removal is timely under 28 U.S.C. § 1446(b). Defendant Juan Garcia has not been located or served as of the date of this removal.

4.      State Court Documents

Attached hereto are copies of all processes, pleadings, and orders filed in this lawsuit. Defendant will file with this Court a copy of the Notice of Filing Notice of Removal filed in the state court proceeding, subsequent to its filing of the same in the state court and the filing of this Notice of Removal.

5.      Venue.

Venue for this lawsuit is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(a).

## PRAYER

Wherefore, premises considered, Defendants respectfully request that the United States District Court for the Southern District of Texas, McAllen Division, accept this Notice of Removal, that it assume jurisdiction of this lawsuit, and that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

   /S/ Raymond A. Cowley
**RAYMOND A. COWLEY**
State Bar No. 04932400

1400 North McColl Road, Ste. 204
McAllen, Texas 78501
Telephone:   (956) 984-7400
Facsimile:   (956) 984-7499

**COUNSEL FOR DEFENDANT**

OF COUNSEL:

**COX SMITH MATTHEWS INCORPORATED**

3

## CERTIFICATE OF SERVICE

This shall certify that a true and correct copy of the foregoing Notice of Removal has been sent on October 15, 2009, to:

Ms. Ana Lisa Garza
Ramirez & Garza, LLP
509 N. San Antonio St.
Rio Grande City, Tx 78582
**Certified Mail, Return Receipt Requested**


   /S/ Raymond A. Cowley
**RAYMOND A. COWLEY**

4

2730527.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JESUS E. LOPEZ, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| BASIC ENERGY SERVICES, EDD | § | |
| VELA AND JUAN GARCIA, | § | |
| Defendants | § | |

# I N D E X

1. Notice of Removal

2. Civil Cover Sheet

3. Plaintiff's Original Petition and Citations

4. Civil Docket Sheet - State Court

5. List of Counsel of Record

2730535.1

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JESUS E. LOPEZ

## DEFENDANTS

BASIC ENERGY SERVICES, EDD VELA AND JUAN GARCIA

**(b)** County of Residence of First Listed Plaintiff   STARR
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ana Lisa Garza, Ramirez & Garza, LLP, 509 N. San Antonio, Rio Grande City, Texas 78582 (956-487-7594)

Attorneys (If Known)
Raymond A. Cowley, Cox Smith Matthews, Inc., 1400 N. McColl, Ste 204, McAllen, Texas 78501 (956-984-7400)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 12101, et seq., 42 U.S.C. Sec. 2000e-1, et seq.
Brief description of cause:
This is a civil action alleging unlawful discrimination & retaliation under, inter alia, the ADA and Title VII.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE  None   DOCKET NUMBER

DATE
October 15, 2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

FILED
AT 4:30 O'CLOCK P M

CAUSE NO. DC-09-409                SEP 14 2009

ELOY H. GARCIA
DISTRICT CLERK STARR CO. TX.
BY _____ DEPUTY

| | | |
|---|---|---|
| JESUS E. LOPEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | 381st JUDICIAL DISTRICT |
| | § | |
| BASIC ENERGY SERVICES, | § | |
| EDD VELA and JUAN GARCIA, | § | |
| | § | |
| Defendants | § | STARR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JESUS E. LOPEZ, hereinafter called Plaintiff, complaining of and about BASIC ENERGY SERVICES, hereinafter called Defendant, and for cause of action shows unto this Court the following:

### *Parties and Service*

1.     Plaintiff JESUS E. LOPEZ, is a citizen of the United States and of the State of Texas. Plaintiff is a resident of Starr County, Texas, and his address is P.O. Box 14, Garciasville, Texas 78547.

2.     Defendant BASIC ENERGY SERVICES is a corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by certified mail, return receipt requested, by serving its registered agent Kenneth V. Huseman, at 400 W. Illinois, Ste. 800, Midland, Texas 78701.

3.     Defendant EDD VELA is an individual, citizen of the United States and of the State of Texas.  Defendant may be served with process by personal service at 5101 FM 1017, San Isidro, Texas 78588.

4.     Defendant JUAN GARCIA is an individual, citizen of the United States and of the State of Texas.  Defendant may be served with process by personal service at 5101 FM 1017, San Isidro, Texas 78588.

### Jurisdiction and Venue

5.     The subject matter in controversy is within the jurisdictional limits of this court.  The court has jurisdiction over the lawsuit because the action arises under §§21.055 and 21.105 of the Texas Labor Code, 42. U.S.C. §12101 et seq.

6.     The court has jurisdiction over the parties because the Defendant's principal place of business is in Texas.  Alternatively, the court has jurisdiction over the Defendant under §15.042 of the Texas Civil Practice and Remedies Code because Defendant conducts business in this State.

7.     The court has supplemental jurisdiction under 28 U.S.C. §1367 over plaintiff's claims retaliation and discrimination based on disability under 42 U.S.C. §12101 against Defendants because Plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

8.     Venue in STARR County is proper in this cause under Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because Starr County is the county of Defendant's principal office in this state.

## *Nature of Action*

9.    This is an action under §§21.005 and 21.105 and §451.001 of the Texas Labor Code, 42 U.S.C. §12101, *et. seq.*, to correct unlawful employment practices on the basis of disability and retaliation.

## *Conditions Precedent*

10.    All conditions precedent to jurisdiction have occurred or been complied with:   a charge of discrimination against Defendant was filed with the Equal Employment Opportunity Commission (EEOC) within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## *Facts*

11.    Plaintiff JESUS E. LOPEZ was an employee of Defendant BASIC ENERGY SERVICES from on or about August 6, 2007 to February 23, 2009.  Plaintiff was hired by Defendant at a truck driver to haul salt water and mud in connection with oilfield services.

12.    On or about September 6, 2007, Plaintiff JESUS E. LOPEZ reported to work and while attempting to perform his duties was involved in a work related injury in the scope of his employment with Defendant.  Plaintiff sustained an injury when he slipped and fell off the rear of a semi-trailer, hitting his neck on the stairs.  Plaintiff sustained injuries to his cervical spine and a laceration to his right ring finger.  Plaintiff fell from the truck due to the fact that the truck assigned to him by Defendant was not

adequately equipped in that it did not have a ladder for Defendant's employees to use while attempting to get on and off the semi-trailer trucks provided by Defendant.

13.     From the date Plaintiff sustained his injury on September 6, 2007 to the date of termination from employment on February 23, 2009, Plaintiff worked for Defendant with restrictions and/or limitations imposed by his physician. Specifically, the restrictions imposed by Plaintiff's physician included no prolonged sitting, standing, or neck flexion and extensions, restrictions with regards to bending/stooping, pushing/pulling, twisting, and overhead reaching. Additionally, Plaintiff's physician specifically imposed a restriction that Plaintiff was not to drive/operate heavy equipment. Plaintiff continued working for Defendant with those restrictions until September 2008.

14.     On September 8, 2008, Dr. Alton Perry certified that Plaintiff had reached maximum medical improvement and that Plaintiff has a permanent impairment of 5% whole person, resulting from the work-related injury that occurred on September 6, 2007. Dr. Perry advised Plaintiff that he was to continue working with restrictions and to avoid driving due to functional deficits. Defendant agreed to keep Plaintiff employed in a restrictive capacity.

15.     On October 15, 2008, Plaintiff was determined by his physician, Dr. George E. Brown, Jr., to have a 5% whole person impairment rating and that the injuries sustained by Plaintiff were the direct result of the work-related injury that occurred on September 6, 2007 and Plaintiff's disability. Plaintiff was determined to have reached maximum medical improvement on October 15, 2008. Plaintiff was advised by his

physician to return to work with the previous restrictions.

16.    Plaintiff filed a worker's compensation claim and began receiving worker's compensation benefits immediately after the work-related injury.  Plaintiff continued working with Defendant with the restrictions imposed by his physicians. Plaintiff continued medical treatment as ordered by his physicians and was under the medical care of a physician for the work related injury on the date of termination from his employment on February 18, 2009.

17.    On February 18, 2009, Plaintiff was advised by Defendant EDD VELA (Safety Manager) that Plaintiff could not work light duty anymore.  Defendant JUAN GARCIA (Area Supervisor) further advised Plaintiff that Plaintiff needed to go back to his physician and obtain a full release from medical treatment without restrictions or that he would be terminated from his employment.  Plaintiff was obligated to go to his physician to request a release from treatment in order to avoid losing his employment. Based on that, Plaintiff's physician advised Plaintiff that he could only give him a partial release from treatment for purposes of preventing his termination from employment.  After Plaintiff received a partial release from treatment, Plaintiff called Defendant Juan Garcia to notify him of the partial release and was told by Defendant Juan Garcia to report to work.  Upon arrival to work, Plaintiff was told he was terminated from his employment.  Defendant's objectives in insisting that Plaintiff obtain a release from medical treatment was so that Defendant no longer had to be responsible for Plaintiff's medical treatment.  Additionally, Plaintiff's termination was a result of retaliation for bringing a worker's compensation claim.

## *Retaliation Under §21.055 of the Texas Labor Code*

18.     Plaintiff alleges that Defendant BASIC ENERGY, by and through its representatives Defendants EDD VELA and JUAN GARCIA, instituted a campaign of retaliation commencing when Plaintiff engaged in a protected activity, namely, filing a claim for worker's compensation benefits after he sustained a work-related injury. Defendants forced Plaintiff to seek and obtain a release from medical treatment from his treating physician in order to prevent Defendant from terminating his employment.

19.     Defendant BASIC ENERGY SERVICES took adverse employment actions against Plaintiff.   Defendant notified Plaintiff that Plaintiff was to request from his physician a release from treatment knowing that Plaintiff required additional medical treatment as a result of the work-related injury.  Plaintiff was forced to request a partial release from treatment solely for the purpose of preventing Defendant from terminating his employment.   Nonetheless, once Plaintiff obtained a partial release from medical treatment to continue his employment, Defendant terminated his employment. Defendants engaged in a scheme of causing Plaintiff to work without restrictions against doctor's orders and in forcing Plaintiff to obtain a release from medical treatment when Defendant knew it intended to terminate Plaintiff's employment.

20.     Plaintiff's termination from employment was as a result of Plaintiff's claim for worker's compensation benefits.   This retaliation was and is due to Plaintiff exercising his rights and has caused Plaintiff to suffered damages for which Plaintiff herein sues.

## *Retaliation Under §451.001 of the Texas Labor Code*

21.     Plaintiff incorporates by reference the preceding paragraphs in support of his claim of retaliation under §451.001 of the Texas Labor Code.  In addition, Plaintiff further contends that he was Defendant's employee from the period of time specified above and that Defendant is a subscriber under the Texas Workers' Compensation Act.

22.     Plaintiff engaged in a protected activity; namely, filed a workers' compensation claim in good faith, after he sustained a work-related injury on September 6, 2007.

23.     Defendant discharged and/or discriminated against Plaintiff because of Plaintiff's claim for workers' compensation benefits.  In fact, Defendant insisted that Plaintiff obtain a full release from medical treatment knowing that Plaintiff continued injured, continued under the medical care of a physician, and was ordered by his physician to work with restrictions and/or limitations.

24.     Defendant would not have discharged and/or discriminated against the Plaintiff when it did but for the Plaintiff's involvement in the workers' compensation claim.  Defendant made it known that Defendant was going to terminate Plaintiff due to his claim for workers' compensation claim and his work-related injury.

25.     Plaintiff exhausted any applicable administrative remedies prior to filing this suit.

### _Discrimination Based on Disability Under The Texas Labor Code_

26.     Plaintiff further contends that Defendants' conduct mentioned above constitutes discrimination based on disability.  Plaintiff hereby incorporates by reference the preceding paragraphs in support of his claim of discrimination based on

disability. Plaintiff further contends that Defendant discriminated against him based on a physical condition resulting from a work-related injury. Plaintiff received medical treatment as a result of that injury and was ordered to return to work with restrictions and/or limitations. Plaintiff received a permanent impairment rating of 5% whole body but was was able to reasonably perform his jobs in the same manner as he had since the date of injury on September 7, 2006 to the date of termination on February 18, 2009.

27. Plaintiff was able to perform his job, with and/or without accommodations. In addition to, or in the alternative, Defendant failed to provide reasonable accommodations to Plaintiff before terminating him from employment.

### *Discrimination Under The Americans with Disability Act*

28. Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). *42 U.S.C. §§12102, 12111(8).* Plaintiff has a physical condition that substantially limits one or more major life activities. Namely, Plaintiff has been determined by his physician to have a 5% whole body impairment resulting from a work-related injury. Plaintiff is, nonetheless, is otherwise qualified to perform the essential functions of his job as a truck driver.

29. Plaintiff is an employee within the meaning of the ADA.

30. Defendant violated the ADA by intentionally discriminating against Plaintiff because of his disability. Defendant's discriminatory acts include forcing Plaintiff to perform jobs that he was ordered to perform with restrictions and/or limitations. Additionally, Defendants threatened Plaintiff to terminate his employment if he did not obtain a release from medical treatment. Under Defendant's threats,

Plaintiff sought and obtained a partial release from medical treatment for the sole purpose of preventing Defendant from terminating his employment. Once Plaintiff received a partial release from medical treatment, Defendant nonetheless terminated Plaintiff's employment.

31.     Defendant further discriminated against Plaintiff by failing to provide reasonable accommodations for Plaintiff. Plaintiff requires the following reasonable accommodations to perform the job: perform his employment with restrictions and/or limitations imposed by his physician. Although plaintiff requested these accommodations, Defendant has failed to make them. At all material times, Plaintiff was able to perform the essential functions of his position without accommodation. In addition to, or in the alternative, Plaintiff was able to perform the essential functions of his position with accommodations.

32.     The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

33.     Plaintiff has a disability, has a record of a disability, and is regarded as having a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of his disability, record of a disability, and perception of having a disability.

34.     Plaintiff alleges that Defendant, BASIC ENERGY SERVICES, by and through its representatives EDD VELA and JUAN GARCIA, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the protected rights of Plaintiff.

## *Intentional Infliction of Emotional Distress*

35.     Defendant BASIC ENERGY, by and through its representatives EDD VELA and JUAN GARCIA, intentionally or recklessly caused Plaintiff to request a partial release from medical treatment for the sole purpose of losing his employment with Defendant.  Defendant knew that Plaintiff was under medical restrictions and/or limitations and that his physician had not removed the restrictions and/or limitations due to the fact that Plaintiff continued injured.  Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress.  Plaintiff suffered damages for which Plaintiff herein sues.

## *Damages*

36.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove.  Plaintiff was discharged and/or constructively discharged from employment with Defendant.  Although Plaintiff has diligently sought other employment, Plaintiff has been unable to find a job and/or find a job at a comparable rate.  In addition, Plaintiff has incurred expenses in seeking other employment.  In addition, Plaintiff has sustained the following damages:

a.     Actual damages;

b.     Economic damage;

c.     Exemplary damages;

d.     Mental anguish damages;

e.     Past pecuniary losses;

f.     Future pecuniary losses;

g.    Reinstatement to his former position;

h.    All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff; Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

i.    Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

j.    All reasonable and necessary costs incurred in pursuit of this suit;

k.    Damages for emotional pain;

l.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

m.    Interest;

n.    Loss of enjoyment of life;

o.    Mental anguish in the past;

p.    Mental anguish in the future;

q.    Reasonable medical care and expenses in the past. These expenses were incurred by Jesus E. Lopez and such charges are reasonable and were usual and customary charges for such services

r.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

s.    Loss of earnings in the past;

t.   Loss of earning capacity which will, in all probability, be incurred in the future;

u.   Loss of benefits;

v.   Pre-judgment and post-judgment interest; and

w.   All other relief the court deems appropriate.

## *Exemplary Damages*

37.   Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.   In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## *Specific Relief*

38.   Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.   Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

## *Prayer*

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff JESUS E. LOPEZ, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such

other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**RAMIREZ & GARZA, L.L.P.**
509 N. San Antonio St.
Rio Grande City, Texas 78582
Tel: (956)487-7594
Fax: (956)487-8300

By: _Ana Lisa Garza_
**Ana Lisa Garza**
Texas Federal Bar No. 11430
*Attorney for Plaintiff Jesus E. Lopez*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

*Jesus E. Lopez v. Basic Energy Services, et al; In the District Court, Starr County, Texas*
**Plaintiff's Original Petition and Demand for Jury Trial**                                    Page 13

**CLERK OF THE COURT**
Eloy R. Garcia
**Starr County Courthouse, Room 304**
**Rio Grande City, Texas 78582**

**ATTORNEY FOR PLAINTIFF**
Flor E. Flores
**509 N. San Antonio St.**
**Rio Grande City, Texas, 78582**

## CITATION

## THE STATE OF TEXAS

**NOTICE TO THE DEFENDANTS:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

**TO:     Edd Vela**
**5101 FM 1017,**
**San Isidro, Texas, 78588**

YOU ARE HEREBY COMMANDED to appear and file a written answer to **PLAINTIFFS ORIGINAL COMPLAIN AND DEMAND FOR JURY** in cause number DC-09-409. A copy of said Petition is attached to this citation, in the cause styled *"Jesus E. Lopez vs. Basic Energy Services, Edd Vela and Juan Garcia,"*, which was filed on **September 14, 2009** in the 381st Judicial District Court, Starr County, Rio Grande City, Texas. Your written answer to the Plaintiffs Original Complaint and Demand for Jury must be filed at the office of the Clerk at 401 N. Britton Avenue, Room 304, Rio Grande City, Texas 78582, on or before 10:00 a.m. on the Monday next after the expiration of twenty (20) days after the date these papers were served on you.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiffs Original Complaint and Demand for Jury accompanying this citation and made a part thereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

ISSUED AND GIVEN under my hand and seal of office on this the 14th day of

**September 2009,**

Eloy Ruben Garcia
District Clerk, Starr County Texas
401 N. Britton Avenue, Room 304
Rio Grande City, Texas 78582

By: _____
Deputy Clerk

**ISSUED BUT NOT PREPARED
BY DISTRICT CLERK'S OFFICE**

## OFFICER'S RETURN

**CAME TO HAND** on the _____ day of September 2009 at _____, o'clock _____. M. and executed by delivering a true copy of this citation together with a copy of the petition attached thereto, in accordance with the requirements of law, to the within named **Edd Vela**, in the following manner:

By delivering the documents to defendant in person, having first endorsed upon the citation the date of delivery. The citation and attached petition were served on the following date: _____, 2009.

Not executed as to the Defendant _____. The following diligence was used to attempt to execute service: _____and the cause of failure to execute service is _____.

_____ The Defendant may be found at the following _____.

_____ The Defendant's location cannot be ascertained.

Total Fees: $_____

To certify which witness my hand officially.

By: _____

File No. DC-09-409

Jesus E. Lopez

v.

Basic Energy Services, Edd Vela and Juan Garcia

In the District Court 38th Judicial District of Starr County, Texas

DEPUTY CLERK

**ISSUED** this 14th day of Sept . _____ 2009

ELOY R. GARCIA, CLERK DISTRICT COURT

By: Carla Horano , Deputy

**FILED** this ____ day of_____2009 at _____ o'clock_____. M.

ELOY R. GARCIA CLERK OF THE COURT

By: _____, Deputy

CLERK OF THE COURT
Eloy R. Garcia
Starr County Courthouse, Room 304
Rio Grande City, Texas 78582

ATTORNEY FOR PLAINTIFF
Flor E. Flores
509 N. San Antonio Street
Rio Grande City, Texas 78582

## CITATION BY MAILING

## THE STATE OF TEXAS

**NOTICE TO THE DEFENDANTS:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

TO:   Kenneth V. Huseman
      c/o Basic Energy Services
      400 W. Illinois, Ste. 800,
      Midland, Texas, 78701

YOU ARE HEREBY COMMANDED to appear and file a written answer to **PLAINTIFFS ORIGINAL COMPLAIN AND DEMAND FOR JURY** in cause number DC-09-40A copy of said Petition is attached to this citation, in the cause styled *" Jesus E. Lopez vs. Basic Energy Services, Edd Vela and Juan Garcia "*, which was filed on September 14, 2009 in the County Court at Law, Starr County, Rio Grande City, Texas.  Your written answer to the Plaintiffs Original Complaint and Demand for Jury must be filed at the office of the Clerk at 401 N. Britton Avenue, Room 304, Rio Grande City, Texas 78582, on or before 10:00 a.m. on the Monday next after the expiration of twenty (20) days after the date these papers were served on you.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Original Petition for Divorce and Request for Temporary Orders accompanying this citation and made a part thereof.

ISSUED AND GIVEN under my hand and seal of office on this the 14th day of

September 2009,

Eloy Ruben Garcia
District Clerk, Starr County Texas
401 N. Britton Avenue, Room 304
Rio Grande City, Texas 78582

By: _____
      Deputy Clerk

ISSUED BUT NOT PREPARED
BY DISTRICT CLERK'S OFFICE

## OFFICER'S RETURN

**CAME TO HAND** on the _____ day of _____ 2009 at _____, o'clock ____. M. and executed by mailing to the Defendant certified mail, return receipt requested with restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiffs Original Complaint and Demand for Jury to the following address:

**Kenneth V. Huseman**
**c/o Basic Energy Services**
**400 W. Illinois, Ste. 800,**
**Midland, Texas, 78701**

**CERTIFIED MAIL RECEIPT 7005 3110 0001 3810 2837**

SERVICE upon the Defendant is evidence by the return receipt incorporated herein and attached thereto, signed by _____ and dated _____

Citation was not served despite the following use of diligence to execute service by the officer and or person authorized to execute this citation:_____.

Citation was not executed because_____.

Defendant may be found at _____.

Eloy Ruben Garcia
District Clerk, Starr County Texas
401 N. Britton Avenue, Room 304
Rio Grande City, Texas 78582

By:_____
        Deputy Clerk

**CLERK OF THE COURT**
Eloy R. Garcia
Starr County Courthouse, Room 304
Rio Grande City, Texas 78582

**ATTORNEY FOR PLAINTIFF**
Flor E. Flores
509 N. San Antonio St.
Rio Grande City, Texas, 78582

# CITATION

## THE STATE OF TEXAS

**NOTICE TO THE DEFENDANTS:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

**TO:** Juan Garcia
5101 FM 1017,
San Isidro, Texas, 78588

YOU ARE HEREBY COMMANDED to appear and file a written answer to **PLAINTIFFS ORIGINAL COMPLAIN AND DEMAND FOR JURY** in cause number DC-09-409 A copy of said Petition is attached to this citation, in the cause styled *"Jesus E. Lopez vs. Basic Energy Services, Edd Vela and Juan Garcia,"*, which was filed on **September 14, 2009** in the 381st Judicial District Court, Starr County, Rio Grande City, Texas. Your written answer to the Plaintiffs Original Complaint and Demand for Jury must be filed at the office of the Clerk at 401 N. Britton Avenue, Room 304, Rio Grande City, Texas 78582, on or before 10:00 a.m. on the Monday next after the expiration of twenty (20) days after the date these papers were served on you.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiffs Original Complaint and Demand for Jury accompanying this citation and made a part thereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

ISSUED AND GIVEN under my hand and seal of office on this the **14**th day of

**September 2009,**

Eloy Ruben Garcia
District Clerk, Starr County Texas
401 N. Britton Avenue, Room 304
Rio Grande City, Texas 78582

By: _Carla Lorano_
Deputy Clerk

**ISSUED BUT NOT PREPARED
BY DISTRICT CLERK'S OFFICE**

## OFFICER'S RETURN

**CAME TO HAND** on the _____ day of September 2009 at _____, o'clock \_\_\_\_. M. and executed by delivering a true copy of this citation together with a copy of the petition attached thereto, in accordance with the requirements of law, to the within named **Juan Garcia**, in the following manner:

By delivering the documents to defendant in person, having first endorsed upon the citation the date of delivery. The citation and attached petition were served on the following date: _____, 2009.

Not executed as to the Defendant _____. The following diligence was used to attempt to execute service: _____and the cause of failure to execute service is _____.

_____ The Defendant may be found at the following _____.

_____ The Defendant's location cannot be ascertained.

Total Fees: $\_\_\_\_\_

To certify which witness my hand officially.

By: _____

File No. DC-09-409

Jesus E. Lopez

v.

Basic Energy Services, Edd Vela and Juan Garcia

In the District Court 381st Judicial District of Starr County, Texas

DEPUTY CLERK

**ISSUED** this 14th day of Sept. _____ 2009

ELOY R. GARCIA, CLERK DISTRICT COURT

By: _Oala Moiano_ , Deputy

**FILED** this \_\_\_\_ day of _____ 2009 at _____ o'clock\_\_\_\_. M.

ELOY R. GARCIA CLERK OF THE COURT

By: _____, Deputy

CLERK OF THE COURT                      ATTORNEY FOR PLAINTIFF
Eloy R. Garcia                          Flor E. Flores
Starr County Courthouse, Room 304       509 N. San Antonio St.
Rio Grande City, Texas 78582            Rio Grande City, Texas, 78582

## CITATION

## THE STATE OF TEXAS

**NOTICE TO THE DEFENDANTS:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **Juan Garcia**
      **5101 FM 1017,**
      **San Isidro, Texas, 78588**

YOU ARE HEREBY COMMANDED to appear and file a written answer to **PLAINTIFFS ORIGINAL COMPLAIN AND DEMAND FOR JURY** in cause number DC-09-409 A copy of said Petition is attached to this citation, in the cause styled *"Jesus E. Lopez vs. Basic Energy Services, Edd Vela and Juan Garcia,"*, which was filed on **September 14, 2009** in the 381st Judicial District Court, Starr County, Rio Grande City, Texas. Your written answer to the Plaintiffs Original Complaint and Demand for Jury must be filed at the office of the Clerk at 401 N. Britton Avenue, Room 304, Rio Grande City, Texas 78582, on or before 10:00 a.m. on the Monday next after the expiration of twenty (20) days after the date these papers were served on you.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiffs Original Complaint and Demand for Jury accompanying this citation and made a part thereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

ISSUED AND GIVEN under my hand and seal of office on this the **14**th day of

**September 2009,**



Eloy Ruben Garcia
District Clerk, Starr County Texas
401 N. Britton Avenue, Room 304
Rio Grande City, Texas 78582

By: _____
    Deputy Clerk

**ISSUED BUT NOT PREPARED
BY DISTRICT CLERK'S OFFICE**

**OFFICER'S RETURN**

**CAME TO HAND** on the _17th_ day of September 2009 at _9_, o'clock _A_. M. and executed by delivering a true copy of this citation together with a copy of the petition attached thereto, in accordance with the requirements of law, to the within named **Juan Garcia**, in the following manner:

By delivering the documents to defendant in person, having first endorsed upon the citation the date of delivery. The citation and attached petition were served on the following date:

_____, 2009.

Not executed as to the Defendant _Juan Garcia_ The following diligence was used to attempt to execute service: _Personal Server 9/17/09, 9/18/09_ and the cause of failure to execute service is _Juan Garcia No longer works for 9/23/09 Basic Energy Sr._

_____ The Defendant may be found at the following _____

___✓__ The Defendant's location cannot be ascertained.

Total Fees: $_____

To certify which witness my hand officially.

By: _Ramdus Sa_

_____

File No. _DC-09-409_

Jesus E. Lopez
v.
Basic Energy Services, Edd Vela and Juan Garcia

In the District Court _381st_ Judicial District of Starr County, Texas

DEPUTY CLERK

**ISSUED** this _14th_ day of _Sept._ _____ 2009
ELOY R. GARCIA, CLERK DISTRICT COURT

By: _Carla Moano_ , Deputy

**FILED** this ____ day of _____ 2009 at _____ o'clock____. M.
ELOY R. GARCIA CLERK OF THE COURT

By: _____, Deputy

FILED
AT 1:50 O'CLOCK O M

SEP 2 4 2009

ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
BY_____DEPUTY

CLERK OF THE COURT                     **ATTORNEY FOR PLAINTIFF**
Eloy R. Garcia                               Flor E. Flores
**Starr County Courthouse, Room 304**      509 N. San Antonio St.
**Rio Grande City, Texas 78582**           Rio Grande City, Texas, 78582

# CITATION

# THE STATE OF TEXAS

**NOTICE TO THE DEFENDANTS:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

**TO:**    **Edd Vela**
         **5101 FM 1017,**
         **San Isidro, Texas, 78588**

YOU ARE HEREBY COMMANDED to appear and file a written answer to **PLAINTIFFS ORIGINAL COMPLAIN AND DEMAND FOR JURY** in cause number DC-09-409. A copy of said Petition is attached to this citation, in the cause styled *"Jesus E. Lopez vs. Basic Energy Services, Edd Vela and Juan Garcia,"*, which was filed on **September 14, 2009** in the 381st Judicial District Court, Starr County, Rio Grande City, Texas. Your written answer to the Plaintiffs Original Complaint and Demand for Jury must be filed at the office of the Clerk at 401 N. Britton Avenue, Room 304, Rio Grande City, Texas 78582, on or before 10:00 a.m. on the Monday next after the expiration of twenty (20) days after the date these papers were served on you.

      The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiffs Original Complaint and Demand for Jury accompanying this citation and made a part thereof.

      The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

      ISSUED AND GIVEN under my hand and seal of office on this the **14**[th] day of

**September 2009,**

                            Eloy Ruben Garcia
                            District Clerk, Starr County Texas
                            401 N. Britton Avenue, Room 304
                            Rio Grande City, Texas 78582



                            By:
                             Deputy Clerk

                             **ISSUED BUT NOT PREPARED
                             BY DISTRICT CLERK'S OFFICE**

**OFFICER'S RETURN**

**CAME TO HAND** on the _17th_ day of September 2009 at _9_, o'clock _A._ M. and executed by delivering a true copy of this citation together with a copy of the petition attached thereto, in accordance with the requirements of law, to the within named **Edd Vela**, in the following manner:

By delivering the documents to defendant in person, having first endorsed upon the citation the date of delivery. The citation and attached petition were served on the following date: _09-23-09_, 2009.

Not executed as to the Defendant _____. The following diligence was used to attempt to execute service: _____and the cause of failure to execute service is _____.

_____ The Defendant may be found at the following _____.

_____ The Defendant's location cannot be ascertained.

Total Fees: $_____

To certify which witness my hand officially.

By _____

_____

File No. _DC-09-409_

Jesus E. Lopez
v.
Basic Energy Services, Edd Vela and Juan Garcia

In the District Court _384th_ Judicial District of Starr County, Texas

FILED
AT _1:50_ O'CLOCK _P_ M

SEP 2 4 2009

ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
BY _____ DEPUTY

DEPUTY CLERK

**ISSUED** this _14th_ day of _Sept_. _____ 2009
ELOY R. GARCIA, CLERK DISTRICT COURT
By: _Carla Lozano_, Deputy

**FILED** this _____ day of _____ 2009 at _____ o'clock _____. M.
ELOY R. GARCIA CLERK OF THE COURT

By: _____, Deputy



U.S. Postal Service
CERTIFIED MAIL... RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | |
| Certified Fee | SEP 25 2009 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

DC-09-409

Sent To *Kennath V. Huxman* c/o *Basic Energy*
Street, Apt. No.; *400w Illinois St.* *Services*
or PO Box No. *Ste 800*
City, State, ZIP+4 *Midland TX 78701*

7005 3110 0001 3810 2837

PS Form 3800, June 2002                    See Reverse for Instructions

## Certified Mail Provides:

- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

*Important Reminders:*

- Certified Mail may ONLY be combined with First-Class Mail or Priority Mail.
- Certified Mail is *not* available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement *"Restricted Delivery"*.
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT: Save this receipt and present it when making an inquiry.** Internet access to delivery information is not available on mail addressed to APOs and FPOs.

AT 8:10 FILED O'CLOCK ___P___ M

ELOY R. GARCIA
DISTRICT CLERK
STARR COUNTY COURTHOUSE
ROOM 304
RIO GRANDE CITY, TEXAS 78582

ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
BY _____ DEPUTY

CERTIFIED MAIL

7005 3110 0001 3810 2837

$ 10.380
US POSTAGE

Kenneth V. Huseman
c/o Basic Energy Services
400 W. Illinois, Ste. 800
Midland, Tx. 79701

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kenneth V. Huseman
c/o Basic Energy Services
400 W. Illinois, Ste 800
Midland, Tx. 78701

DX-09-909

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name )      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number          7005 3110 0001 3810 2837
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

CLERK OF THE COURT
Eloy R. Garcia
Starr County Courthouse, Room 304
Rio Grande City, Texas 78582

ATTORNEY FOR PLAINTIFF
Flor E. Flores
509 N. San Antonio Street
Rio Grande City, Texas 78582

## CITATION BY MAILING

## THE STATE OF TEXAS

**NOTICE TO THE DEFENDANTS:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

TO:    Kenneth V. Huseman
       c/o Basic Energy Services
       400 W. Illinois, Ste. 800,
       Midland, Texas, 78701

YOU ARE HEREBY COMMANDED to appear and file a written answer to **PLAINTIFFS ORIGINAL COMPLAIN AND DEMAND FOR JURY** in cause number DC-09-40A copy of said Petition is attached to this citation, in the cause styled " *Jesus E. Lopez vs. Basic Energy Services, Edd Vela and Juan Garcia* ", which was filed on September 14, 2009 in the County Court at Law, Starr County, Rio Grande City, Texas. Your written answer to the Plaintiffs Original Complaint and Demand for Jury must be filed at the office of the Clerk at 401 N. Britton Avenue, Room 304, Rio Grande City, Texas 78582, on or before 10:00 a.m. on the Monday next after the expiration of twenty (20) days after the date these papers were served on you.

    The nature of Plaintiff's demand is fully shown by a true and correct copy of Original Petition for Divorce and Request for Temporary Orders accompanying this citation and made a part thereof.

    ISSUED AND GIVEN under my hand and seal of office on this the 14th day of

**September 2009,**

                        Eloy Ruben Garcia
                        District Clerk, Starr County Texas
                        401 N. Britton Avenue, Room 304
                        Rio Grande City, Texas 78582

                        By: _____
                             Deputy Clerk

                        **ISSUED BUT NOT PREPARED
                        BY DISTRICT CLERK'S OFFICE**

## OFFICER'S RETURN

**CAME TO HAND** on the _____ day of _____ 2009 at _____, o'clock ____. M. and executed by mailing to the Defendant certified mail, return receipt requested with restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiffs Original Complaint and Demand for Jury to the following address:

**Kenneth V. Huseman**
**c/o Basic Energy Services**
**400 W. Illinois, Ste. 800,**
**Midland, Texas, 78701**

**CERTIFIED MAIL RECEIPT 7005 3110 0001 3810 2837**

SERVICE upon the Defendant is evidence by the return receipt incorporated herein and attached thereto, signed by _____ and dated _____

Citation was not served despite the following use of diligence to execute service by the officer and or person authorized to execute this citation:_____.

Citation was not executed because_____.

Defendant may be found at _____.

Eloy Ruben Garcia
District Clerk, Starr County Texas
401 N. Britton Avenue, Room 304
Rio Grande City, Texas 78582

By:_____
          Deputy Clerk

**CLERK OF THE COURT**
Eloy R. Garcia
**Starr County Courthouse, Room 304**
Rio Grande City, Texas 78582

**ATTORNEY FOR PLAINTIFF**
**Ana Lisa Garza**
509 N. San Antonio Street
**Rio Grande City, Texas 78582**

## CITATION BY MAILING

## THE STATE OF TEXAS

**NOTICE TO THE DEFENDANTS:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

**TO:**   **Kenneth V. Huseman**
**c/o Basic Energy Services**
**P.O Box 10460**
**Midland, Texas 79702**

YOU ARE HEREBY COMMANDED to appear and file a written answer to **PLAINTIFFS' ORIGINAL COMPLAINT AND DEMAND FOR JURY** in cause number DC-09-409. A copy of said Petition is attached to this citation, in the cause styled ***"Jesus E. Lopez vs. Basic Energy Services, Edd Vela and Juan Garcia"***, which was filed on **September 14, 2009** in the County Court at Law, Starr County, Rio Grande City, Texas. Your written answer to the Plaintiffs' Original Complaint and Demand for Jury must be filed at the office of the Clerk at 401 N. Britton Avenue, Room 304, Rio Grande City, Texas 78582, on or before 10:00 a.m. on the Monday next after the expiration of twenty (20) days after the date these papers were served on you.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Complaint and Demand for Jury accompanying this citation and made a part thereof.

ISSUED AND GIVEN under my hand and seal of office on this the ____9th____ day of October 2009,

Eloy Ruben Garcia
District Clerk, Starr County Texas
401 N. Britton Avenue, Room 304
Rio Grande City, Texas 78582

By: _____
Deputy Clerk

ISSUED BUT NOT PREPARED
BY DISTRICT CLERK'S OFFICE

## OFFICER'S RETURN

**CAME TO HAND** on the _____ day of October 2009 at _____, o'clock _____. M. and executed by mailing to the Defendant certified mail, return receipt requested with restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiff's Original Complaint and Demand for Jury to the following address:

**Kenneth V. Huseman**
**c/o Basic Energy Services**
**P.O Box 10460**
**Midland, Texas 79702**

**CERTIFIED MAIL RECEIPT 70070220000261110771**

SERVICE upon the Defendant is evidence by the return receipt incorporated herein and attached thereto, signed by _____ and dated _____.

Citation was not served despite the following use of diligence to execute service by the officer and or person authorized to execute this citation:_____.

Citation was not executed because_____.

Defendant may be found at _____.

Eloy Ruben Garcia
District Clerk, Starr County Texas
401 N. Britton Avenue, Room 304
Rio Grande City, Texas 78582

By:_____
                    Deputy Clerk

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kenneth V. Huseman
P.O. Box 10460
Midland, TX 79702

DC-09-409

2. Article Number (Transfer from service label)
7007 0220 0002 6111 0771

PS Form 3811, February 2004    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
□ Agent
□ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? □ Yes
If YES, enter delivery address below: □ No

3. Service Type
□ Certified Mail    □ Express Mail
□ Registered    □ Return Receipt for Merchandise
□ Insured Mail    □ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☑ Yes

102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark
Here

DC-09-409

Kenneth V. Huseman
P.O. Box 10460
Midland, TX 79702

7007 0220 0002 6111 0771

PS Form 3800, August 2006    See Reverse for Instructions

CERTIFIED MAIL
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

**Check out our new affordable subscription plans at**
**iDocket.com**

[ View Case Track ™ ]                                    [ Start Case Track ™ ]

Civil Docket; Case DC-09-409; Accounts, Contracts, Notes
JESUS E LOPEZ vs BASIC ENERGY SERVICES, EDD VELA AND JUAN GARCIA
Filed 09/14/2009 - Disposition:
381st District Court, District Clerk, Starr County, Texas

[ Help ]

| Date | Description/Comments | Reference | Typ | Amount | Order/Copies |
|------|----------------------|-----------|-----|--------|--------------|
| 09/14/2009 | CITATION BY MAIL FOR KENNETH V HUSEMAN | | TXT | | |
| | CITATION FOR EDD VELA | | " | | |
| | PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY | | " | | |
| 09/15/2009 | CITATION FOR JUAN GARCIA | | " | | |
| 09/24/2009 | RETURNS CITATION TO EDD VELA | | " | | |
| | RETURNS CITATION TO JUAN GARCIA | | " | | |
| 09/25/2009 | CERTIFIED MAIL -SENT TO KENNETH C. HUSEMAN C/O BASIC ENERGY SERVICES | | " | | |
| 10/01/2009 | CERTIFIED MAIL RETURNED - UNABLE TO DELIVER | | " | | |

Search | Case History | Parties | Attorneys | Links | Services                      [ Site Map ] [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.                                    User ID: cands
Unauthorized access is prohibited. Usage will be monitored.          Viewed as of: October 13, 2009, time: 17:41:35
Agreements

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JESUS E. LOPEZ, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| BASIC ENERGY SERVICES, EDD | § | |
| VELA AND JUAN GARCIA, | § | |
| Defendants | § | |

**LIST OF COUNSEL OF RECORD**

**Counsel For Plaintiff**

Ms. Ana Lisa Garza
Ramirez & Garza, LLP
509 N. San Antonio St.
Rio Grande City, Tx 78582
Telephone: (956) 487-7594
Facsimile: (956) 487-8300

**Counsel For Defendant**

Raymond A. Cowley
Soledad Valenciano
Cox Smith Matthews Incorporated
1400 North McColl Road, Ste. 204
McAllen, Texas 78501
Telephone: (956) 984-7400
Facsimile: (956) 984-7499